UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY L. MORRIS, JR.,

    Plaintiff,

v.                                      CASE No. 8:10-CV-397-T-23TGW

FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

_____

## REPORT AND RECOMMENDATION

The affiant has filed an affidavit of indigency pursuant to 28 U.S.C. 1915 seeking to proceed in forma pauperis in his complaint against three probation officers, individually, and in their official capacity at the Tenth Circuit Probation office.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Here, the affiant's complaint is patently insufficient (Doc. 1). The complaint states that the plaintiff, as a criminal defendant, was, among other things, deprived of his constitutional rights by the state probation officers (id.). The affiant's complaint is a conclusory pleading that does not contain a plausible allegation of a constitutional violation. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Since no constitutional violation has been alleged, this court does not have jurisdiction pursuant to 42 U.S.C. 1983. Moreover, there is no other jurisdictional basis alleged.

I therefore recommend that the Motion to Proceed In Forma Pauperis (Doc. 2) be denied and that the complaint be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B).

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: MARCH _/_, 2010

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).