UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY L. MORRIS, JR,

    Plaintiff,

v.                                          CASE NO.: 8:10-cv-397-T-23TGW

THE FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

## **ORDER**

A February 17, 2009, order (Doc. 3) referred the pro se plaintiff's motion (Doc. 2) to proceed in forma pauperis (the "IFP motion") to Magistrate Judge Thomas G. Wilson for disposition. Magistrate Judge Wilson issued a report (Doc. 4) that recommends (1) denial of the IFP motion and (2) dismissal of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)[1] because the complaint both is "patently insufficient" and contains no "plausible allegation of a constitutional violation." The plaintiff objects to both denial of the IFP motion and dismissal of the complaint.

In the complaint, the plaintiff seeks twenty-three million dollars in damages based on claims of (1) negligence ("[f]ailure to uphold Florida law and orders of probation," (2) negligence ("failure to train probation officers"), (3) intentional infliction of emotional

---

[1] Section 1915(e)(2)(B) states that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief.

distress, (4) false imprisonment, (5) battery, (6) malicious prosecution, and (7) a "violation of 42 U.S.C. [§] 1983; Fourteenth Amendment—Due Process." The plaintiff alleges (Doc. 1) that the defendant Alma Davis, a probation officer, wrongfully accused the plaintiff of attempting to purchase a beer in violation of the plaintiff's state felony probation. Davis stated that, while standing behind the plaintiff at a convenience store, she observed the plaintiff holding a beer in his hand. (Doc. 1-1) When the plaintiff recognized Davis as a probation officer, the plaintiff (according to Davis) concealed the beer in his pocket, returned the beer to the store's refrigerator, and purchased a soda instead. The plaintiff alleges that he returned to the refrigerator because he realized that he inadvertently selected a diet soda instead of a regular soda. When the plaintiff arrived for his next monthly probation meeting, a probation officer arrested the plaintiff for possession of alcohol. Three months later, a judge dismissed the probation violation.

A review of the complaint and a *de novo* determination of those portions of the report and recommendation to which the plaintiff objects reveals that the objections either are unfounded or otherwise require no different resolution. Accordingly, the report and recommendation (Doc. 4) is **ADOPTED** and the IFP motion (Docs. 2) is **DENIED**. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the complaint (Doc. 1) is **DISMISSED**. The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on March 19, 2010.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE